**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE LEO M. GORDON**

Court No. 22-00188

**SWEET HARVEST FOODS,**

*Plaintiff,*

and

**EXPORT PACKERS COMPANY LIMITED, HONEY HOLDING I, LLP DBA HONEY SOLUTIONS, SUNLAND TRADING, INC., NATIONAL HONEY PACKERS & DEALERS ASSOCIATION (NHPDA),**

*Consolidated Plaintiffs,*

v.

**UNITED STATES,**

*Defendant,*

and

**AMERICAN HONEY PRODUCERS ASSOCIATION, and SIOUX HONEY ASSOCIATION,**

*Defendant-Intervenors.*

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant, the United States International Trade Commission, respectfully submits notice of supplemental authority: *MTD Products, Inc. v. United States*, Ct. No 21-264, Slip Op. 23-34 (March 16, 2023) ("*MTD Products*") (attached hereto as Exhibit 1).  The Court issued this decision on March 16, 2023, less than a week after the Commission filed its Rule 56.2 brief in the instant case.

In *MTD Products,* the Court reviewed a Commission critical circumstances determination under the same legal framework that applies in the instant case.  The Court included a discussion

of the purpose of the critical circumstances provision and the factors specified in the statute for the Commission to consider.  Slip Op. 23-34 at 2-4.

Applying the substantial evidence standard, the Court in *MTD Products* upheld an affirmative critical circumstances determination in which the Commission considered inventories prior to the imposition of provisional duties.  Slip Op. 23-34 at 8, 18.  This aspect of *MTD Products* is particularly instructive for the instant case.

*MTD Products* is also consistent with the Commission's position that provisional measures provide remedial relief to the domestic industry before an antidumping or countervailing duty order is issued and that the antidumping or countervailing duty order is generally effective as of the date of provisional measures.  The Court noted that the Commission must determine whether the order's remedial effect would be undermined, so the fact that the record did not show that its remedial effect had been undermined during the period of investigation did not necessarily mean that it would not be undermined in the future.  Slip Op. 23-34 at 19-20.

Finally, the Court's discussion of the dissent in *MTD Products* confirms that the dissent is not relevant to this Court's review of the Commission's critical circumstances determination.  "Although the court agrees with MTD that the conclusion drawn by Commissioner Johanson is supported by the record, the conclusion drawn by the Commission majority—considering the record as a whole and the evidence that detracts from that conclusion—is also supported by the record."  Slip Op. 23-34 at 20-21.

                Respectfully submitted,

                Dominic L. Bianchi
                General Counsel

                */s/ Andrea C. Casson*
                Andrea C. Casson
                Assistant General Counsel for Litigation

                */s/ Michael K. Haldenstein*
                Michael K. Haldenstein
                Attorney-Advisor
                Office of the General Counsel
                U.S. International Trade Commission
                500 E Street, SW
                Washington, DC 20436
                Telephone: (202) 205-3041
                Facsimile: (202) 205-3111
                michael.haldenstein@usitc.gov

                *Attorneys for Defendant*
                *United States International Trade Commission*

Dated: March 22, 2023